UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELDOR ARZIKULOV,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-3104

Honorable Hala Y. Jarbou

# **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond.[1] (Pet., ECF No. 1.) In an order entered on October 30, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response and a recording of the February 10, 2026, and March 6, 2026, bond hearings on November 4, 2026.

[1] In Petitioner's § 2241 petition, Petitioner also raises claims regarding the conditions of Petitioner's confinement. To the extent Petitioner wishes to do so, Petitioner is free to raise these claims in a civil rights action.

(Resp., ECF No. 5; Recordings of Feb. 10, 2026, and Mar. 6, 2026, Bond Hearings, filed on Nov. 4, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Uzbekistan who entered the United States in 2023. Op., *Arzikulov v. Noem* (*Arzikulov I*), No. 1:26-cv-147 (W.D. Mich. Feb. 3, 2026), (ECF No. 7). On November 17, 2025, ICE agents arrested Petitioner. *Id.*

On January 14, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Arzikulov I*. In *Arzikulov I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Arzikulov I*, (W.D. Mich. Feb. 3, 2026) (ECF Nos. 7, 8).

On February 10, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Immigration Judge Order, *Arzikulov I*, (ECF No. 9-1). At the conclusion of the February 10, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating in part: "[Petitioner] did not establish he is not a flight risk." *Id.*

On February 11, 2026, Petitioner filed a second § 2241 petition challenging the constitutionality of his detention following the order of the Detroit Immigration Court denying him bond in *Arzikulov v. Raycraft* (*Arzikulov II*), No. 1:26-cv-472 (W.D. Mich.). In *Arzikulov II*, the Court conditionally granted Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence within five business day so the date

of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Arzikulov II*, (W.D. Mich. Mar. 3, 2026) (ECF Nos. 6, 7).

On March 6, 2026, Petitioner received a second bond hearing pursuant to § 1226(a) and the Court's Opinion and Judgment. Immigration Judge Order, *Arzikulov II*, (ECF No. 9-1). At the conclusion of the March 6, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating in part:

> The court finds that the Department of Homeland Security has proven by a preponderance of the evidence, and even at the higher standard of clear and convincing evidence, that the [Petitioner] is a flight risk and there are no conditions or combinations of conditions that would reasonably assure the [Petitioner's] future appearances at immigration proceedings.

*Id.*

On May 6, 2026, Petitioner filed a third § 2241 petition in *Arzikulov v. Mullin* (*Arzikulov III*), No. 1:26-cv-1499 (W.D. Mich.). In *Arzikulov III*, the Court dismissed without prejudice Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, finding that neither the length of Petitioner's current detention or the immigration judge's decision to deny Petitioner's bond request had resulted in violations of the Constitution. Op. & Jud., *Arzikulov III*, (W.D. Mich. June 22, 2026) (ECF Nos. 6, 7).

Petitioner filed his fourth and present petition on October 29, 2026. (ECF No. 1.)

## III. Discussion

In Petitioner's present § 2241 petition, Petitioner again challenges the results of Petitioner's two bond hearings pursuant to 8 U.S.C. § 1226 in the Detroit Immigration Court, on February 10, 2026, and March 6, 2026. Petitioner also argues that his detention has become unlawful and prolonged. (Pet., ECF No. 1, PageID.2.) Respondent argues, *inter alia*, that the Court should

dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies. (Resp., ECF No. 5, PageID.58–61.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA").

And, if the noncitizen believes that the circumstances have changed materially since an initial bond redetermination, the noncitizen can request a subsequent bond redetermination by submitting a written request in the Immigration Court. 8 C.F.R. § 1003.19(e). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner does not argue that the procedures of the bond hearings

themselves violated the Due Process Clause of the Fifth Amendment.[2] Further, although Petitioner claims that his detention has become unreasonably prolonged, Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in the Immigration Court based on a material change in circumstances, such as the length of his detention, pursuant to 8 C.F.R. § 1003.19(e). Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA or before the Immigration Court, as applicable. Therefore, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 13, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE

[2] To the extent that Petitioner claims that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearings on February 10, 2026, or March 6, 2026, these arguments were addressed in *Arzikulov II* and *Arzikulov III*.